UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DAVID ORR and KIMBERLY ORR,  Plaintiffs,  v.  MINE SAFETY APPLIANCES COMPANY, LLC, *et al.*,  Defendants. | Case No. 6:23-cv-00217-GFVT  **MEMORANDUM OPINION & ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Partial Motion for Summary Judgment [R. 33] and a Motion for Leave to File an Amended Complaint [R. 34]. Both Motions request the same thing: that Count Four of the Complaint be dropped. The issue arises in what vehicle should be used to get rid of Count Four—the practical question being whether Count Four is dismissed with or without prejudice. For the reasons that follow, Defendant 3M's request for Summary Judgment will be **DENIED** and the Plaintiffs' Motion to Amend will be **GRANTED**.

I

Plaintiff David Orr was a coal miner beginning in 1963.[1] [R. 1 at 3.] While working at the mines, Orr used respiratory protection, including Dustfoe 77, MSA Dustfoe 66, 3M 8710, and 3M 8210. Despite using respiratory protection, Mr. Orr still developed an occupational lung disease. *Id.* at 4. 3M and Mine Safety Appliances Company engaged in designing,

---

[1] These facts are taken from the Plaintiffs' Complaint at [R. 1].

manufacturing, inspecting, testing, marketing, and selling the products at issue in Kentucky to various retailers and suppliers. *Id.* The Plaintiff's employers supplied these respiratory protections during his employment. *Id.* The Plaintiff claims that his current health problems were caused by the Defendants defectively designed, or negligently, manufactured products. *Id.* at 5. The Plaintiffs also assert that the Defendants were negligent in the marketing, selling, and distribution of the products. *Id.*

Defendant 3M moved for Partial Summary Judgment arguing that the Plaintiffs' claims that 3M made fraudulent misrepresentations about its respirators to the National Institute for Occupational Health & Safety is preempted. [R. 33.] The Plaintiffs then filed a Motion for Leave to Amend their Complaint, where they wish "to remove the cause of action for fraud, previously Count 4 of their complaint." [R. 34 at 1.] The Defendants oppose this request, arguing that granting the Motion to Amend would prejudice the Defendants because the dismissal would be without prejudice, rather than with prejudice. [R. 37 at 1.]

## II

The Rules allow plaintiffs to amend their complaints either by right or with leave of the Court. Fed. R. Civ. P. 15(a). There are two scenarios where a plaintiff can amend by right. *Id.* First, the plaintiff can amend his complaint within twenty-one days of serving it. *Id.* § 15(a)(1)(A). Second, he can amend by right before the earlier of twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f). *Id.* § 15(a)(1)(B). Otherwise, the plaintiff must obtain consent from his opposing party or from the Court to amend a pleading. *Id.* § 15(a)(2). The Rules direct federal courts to "freely give leave when justice so requires." *Id.*

The decision as to whether justice requires permission to amend a complaint "is left to the sound discretion of the district court . . . ." *Estes v. Ky. Utils. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). Although leave is to be freely given under Rule 15, courts must consider several factors when deciding motions to amend. *See Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001); *see also Szoke v. UPS of Am., Inc.*, 398 Fed. Appx. 145, 153 (6th Cir. 2010) (citation omitted). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Wade*, 259 F.3d at 458. The critical factors are notice and substantial prejudice to the opposing party. *Id.* Further, "[t]he party opposing the amendment has the burden of demonstrating that it would be prejudicial or futile." *Beverly v. MEVA Formwork Systems, Inc.*, 2009 WL 10713093, at *2 (E.D. Ky. 2009) (citing *Sokolski v. Tran Union Corp.*, 178 F.R.D. 393, 396 (E.D. N.Y. 1998)).

Although the Plaintiffs' Motion to Amend was filed after the Defendants' Motion for Summary Judgment, "it is improper to enter summary judgment where a motion to amend the complaint [is] pending," and the Court will therefore rule on the pending Motion to Amend before 3M's Motion for Summary Judgment. *Tracy v. Parker*, 1995WL 451794, at *1 (6th Cir. July 28, 1995) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300–01 (6th Cir. 1988)). Thus, the Court is required to first address Fed. R. Civ. P. 15(a) and its liberal policy of amendment.

Case law dictates that a defendant suffers substantial prejudice when a party moves to amend the complaint after the close of discovery. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006) (citation omitted). A defendant also suffers "substantial prejudice when a plaintiff waits until after the filing of a summary judgment motion to file a motion to amend."

3

*Szoke*, 398 Fed. Appx. at 153 (citing *Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 496-97 (6th Cir. 2001)).  The Defendants are not prejudiced based on the deadlines for discovery, as the deadline is not until July 15, 2025.  [R. 54 at 1.]  The Defendants did, however, file a Motion for Summary Judgment before the Plaintiff requested leave of the Court to amend their Complaint.  The question is whether the Defendant will be prejudiced if the motion to amend is granted.

Presumably, the Plaintiffs filed their Motion to Amend with an eye towards simplifying the case.  Toward this end, the Plaintiffs seek to remove Count Four from the Complaint.  As a general proposition, the Court agrees with the Orrs that the Plaintiff is generally the master of his complaint.  [R. 39 at 1.]  If the Plaintiff has no inclination to pursue Count Four, he should be afforded the opportunity to drop it from the Complaint so long as the Defendants are not unduly prejudiced.

The Court finds that no undue prejudice exists.  This case is still in its infancy, and this is the Plaintiffs' first request to amend their complaint.  The Court has yet to rule on any dispositive motions.  In fact, at the time the Orr's filed their Motion to Amend [R. 33], the only discovery deadline to have passed was the initial disclosure deadline.  Further, the Court granted an amended scheduling order, giving the parties even more time in which to conduct discovery.  [R. 54 at 2.]  Thus, although the Defendant has spent time and money litigating this case thus far, there is no *undue* prejudice against the Defendant—especially given that discovery has yet to conclude and the Plaintiffs are seeking to dismiss only one count, leaving the rest of the lawsuit intact.

With respect to the remaining factors, there is no evidence that there was an undue delay in filing the Motion to Amend.  The Motion was filed less than a year after the filing of the original Complaint.  *Cf. Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir.

2020) (five-year delay was considered to be an undue delay). Neither party is arguing a lack of notice, bad faith, repeated failure to cure deficiencies, or futility of the amendment, and the Court finds no evidence suggesting these factors exist.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant 3M's Motion for Partial Summary Judgment **[R. 33]** is **DENIED AS MOOT**; and

2. The Plaintiffs' Motion for Leave to File First Amended Complaint **[R. 34]** is **GRANTED**.

This the 26th day February 2025.

Gregory F. Van Tatenhove
United States District Judge