UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DAVID ORR and KIMBERLY ORR, <br><br> Plaintiffs, <br><br> v. <br><br> MINE SAFETY APPLIANCES COMPANY, LLC, *et al.*, <br><br> Defendants. | Civil No. 6:23-cv-00217-GFVT-HAI <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Plaintiffs' Motion to Dismiss. [R. 61.] Plaintiffs David and Kimberly Orr filed this action on December 6, 2023. [R. 1.] When the action was filed, Mr. Orr mistakenly believed he had been diagnosed with coal workers' pneumoconiosis on May 19, 2023, well within the one-year statute of limitations to bring such a claim [R. 62 at 2.] Subsequently, it came to the Plaintiffs' attention that Mr. Orr had been diagnosed with coal workers' pneumoconiosis on February 11, 2022, which is outside of the one-year statute of limitation to bring his claim [R. at 65.]

Accordingly, Plaintiffs David and Kimberly Orr moved for dismissal without prejudice [R. 61.] The Defendants responded seeking dismissal with prejudice. [R. 65.] The Defendants have also asked the Court to condition its dismissal on the Plaintiffs (or Plaintiffs' counsel) paying the Defendants' costs and fees incurred in defending this action. [R. 62.] The Plaintiffs have now agreed to dismissal with prejudice [R. 65 at 4-5] but contest the award of costs and

fees to the Defendants. For the reasons that follow, the parties' joint request for dismissal with prejudice will be granted, and the Defendants' request for costs and fees will be denied.

Under Fed. R. Civ. P. 41(a)(2), the Court may impose "terms that the court considers proper" as a condition to dismissal. As a general rule, "[f]ederal courts typically abide by the 'American Rule,' which dictates that each party pay for its own attorneys' fees, except when explicitly provided for by statute." *Planned Parenthood Sw. Ohio Region v. DeWine*, 931 F.3d 530, 538 (2019). Furthermore, fees and costs are generally not awarded to a defendant when an action is dismissed with prejudice, absent extraordinary circumstances. *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965). In evaluating whether to condition dismissal on the plaintiff paying the defendant's costs and fees, the Court may consider whether the plaintiff acted in good faith in bringing the action, whether extensive discovery costs were involved, and whether extraordinary expenses were incurred in defending the action. *Walther v. Fla. Tile, Inc.*, 776 F.App'x 310, 318 (6th Cir. 2019).

The Defendants argue that the Plaintiffs should bear the expenses of the litigation because there was no basis for filing or pursuing this claim, given its untimeliness [R. 62.] While the parties all agree that the claim is untimely, there is no indication that the Plaintiffs or their counsel were aware of Mr. Orr's February 11, 2022 diagnosis date prior to filing this suit. Upon learning that Mr. Orr was mistaken about his diagnosis date, Plaintiffs' counsel recognized the implications of this discovery, conferred with Mr. Orr shortly thereafter, and sought Mr. Orr's authority to dismiss the claim. [R. 65.] Despite alluding to the proposition that the Plaintiffs brought this suit frivolously, Defendants have not cited any concrete evidence of bad faith on the part of the Plaintiffs. Further, the Defendants had not conducted extensive discovery – only one deposition of Mr. Orr – and have not incurred extraordinary expenses in defending the action.

2

Therefore, this is not an "extraordinary circumstance" warranting departure from the general rule that each party pays its own costs.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. The Plaintiffs' Motion to Dismiss **[R. 61]** is **GRANTED**;

2. David and Kimberly Orr's claims against Defendants 3M Company, Kentucky Mine Supply Company, and Mine Service Company, Inc. are **DISMISSED with prejudice**.

3. The Defendants' request for fees and costs is **DENIED**.

This the 25th day of September, 2025.

Gregory F. Van Tatenhove
United States District Judge